IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STEVE P. GREEN,<br><br>    Plaintiff,<br><br>vs.<br><br>CAPITAL ONE BANK and TOREY WHITE, an individual,<br><br>    Defendants. | Case No. 2:07 cv 687<br><br>**REPORT AND RECOMMENDATION**<br><br>Judge Paul G. Cassell<br><br>Magistrate Judge Brooke C. Wells |

  Pursuant to 28 U.S.C. § 636(b)(1)(B) Judge Paul Cassell referred this case for consideration. Before the court is Defendants' Motion to Dismiss.[1] Plaintiff, Steve Green, originally filed his complaint in the Justice Court of North Logan City following which it was removed by Defendants to federal court. Mr. Green alleges claims for *inter alia*, defamation of character and slander.[2]

  Defendants argue their motion to dismiss should be granted because Plaintiff's Complaint fails to state a claim upon which relief may be granted. Specifically, Plaintiff lacks standing to bring a private cause of action, Plaintiff failed to allege that Defendants received notice of the

---

[1] Docket no. 6.
[2] *See* Op. p. 2.

alleged erroneous information from a consumer reporting agency and Plaintiff's state law claims for defamation and slander are preempted by the Fair Credit Reporting Act.[3]

Plaintiff's Complaint does appear to have some serious problems.  And, after reviewing the parties' memoranda-including the attached letter sent to Plaintiff from Defendant Torey White-the court is concerned about jurisdiction and perhaps a lack of cooperation by the parties in resolving this dispute.[4]  Notwithstanding these problems and concerns, however, the court at this time recommends that Defendants' motion be denied without prejudice and that Plaintiff be given an opportunity to amend his complaint.

When reviewing a plaintiff's allegations, the court must construe the *pro se* complaint liberally.[5]  The court, however, "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[6]  The broad reading of a plaintiff's complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[7]  Every fact need not be described in specific

---

[3] *See* Def.s' mtn p. 2-6.

[4] The court finds it interesting that a similar action was filed in Idaho Small Claims Court.  Defendants appear to have attempted to settle that matter, but it is unclear why Mr. Green rejected Defendants' offer that may have resolved his problems.  If this case is essentially the same as that filed in Idaho it is possible that the *Rooker-Feldman* doctrine or the *Younger* doctrine would bar this court from exercising jurisdiction.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Younger v. Harris*, 401 U.S. 37 (1971); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[5] *See Haines v. Kerner*, 404 U.S. 519, 519-21 (1972).

[6] *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

detail, but "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[8]

Here, Plaintiff's Complaint was initially filed in Justice Court.  While Plaintiff's Complaint may have been sufficient for Justice Court, it may fail to meet the heightened pleading requirements found in federal court.  Because it was Defendants who removed this action, and because Plaintiff is proceeding *pro se* and is not legally trained, the court finds it appropriate to allow Plaintiff an opportunity to amend his Complaint.  Following this opportunity Defendants may renew their motion to dismiss if appropriate.  Or, if the parties can resolve their differences, then the parties should seek to voluntarily dismiss this case.

---

[8] *Id.*

## RECOMMENDATION

Based on the unique circumstances in this case, and the need to construe Plaintiff's Complaint liberally, the court RECOMMENDS that Defendants' Motion to Dismiss be DENIED without PREJUDICE and Plaintiff be given an opportunity to AMEND his COMPLAINT.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to the Report and Recommendation within ten days after receiving it. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 14th day of November, 2007.

*Brooke C. Wells*

Brooke C. Wells
United States Magistrate Judge